UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Vikings Football Stadium, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, National Association, a national banking association,<br><br>                    Defendant. | Court File No. _____<br><br>**DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |

PLEASE TAKE NOTICE that under 28 U.S.C §§ 1332, 1348, 1441, and 1446, Defendant Wells Fargo Bank, National Association ( "Wells Fargo") hereby removes to this Court the state-court action described in Paragraph 1 below by the filing of this Notice of Removal with the Clerk of the United States District Court for the District of Minnesota.  In further support of this Notice of Removal, Wells Fargo states and alleges as follows:

### THE STATE COURT ACTION

1.     The removed case is a civil action that the Plaintiff Minnesota Vikings Football Stadium, LLC ("StadCo") filed in the Fourth Judicial District of Hennepin County, Minnesota against Wells Fargo on December 22, 2015.  The case is captioned *Minnesota Vikings Football Stadium, LLC v. Wells Fargo Bank*, Civ. No. 27-CV-15-21764 ("the State Court Action").  A copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2.      At the same time, StadCo filed a Motion for a Temporary Injunction and attempted to set a hearing for December 30, 2015.  That motion and the additional papers filed therewith are attached hereto as **Exhibit B.**

3.      StadCo served the Complaint and motion papers attached as Exhibits A and B hereto on Wells Fargo through its agent for service, Corporation Service Company, on December 23, 2015.  On December 22, 2015, counsel for StadCo, by email, provided counsel for Wells Fargo with a copy of the Complaint and motion papers.  Wells Fargo had no notice of the State Court Action prior to December 22, 2015.

## PARTIES

4.      Wells Fargo is a national banking association, and its citizenship is governed by 28 U.S.C. § 1348.  A national banking association is a citizen of the state where its main office is located as stated in its articles of association.  *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006).  Under Wells Fargo's articles of association, its main office is located in Sioux Falls, South Dakota.[1]  *See, e.g., Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702 (8th Cir. 2011); *Rouse v. Wachovia Mortg.*, No. 12-55278, 2014 WL 1243869 (9th Cir. 2014).  Wells Fargo is, therefore, a citizen of South Dakota.

5.      StadCo is a Delaware Limited Liability Company.  Upon investigation, information and belief, StadCo is not a citizen of South Dakota.  This investigation has included review of the Delaware Secretary of State's website and its "Entity Search"

---

[1] Wells Fargo's Articles of Association, as filed with the SEC, are available online at http://www.sec.gov/Archives/edgar/data/1510890/000119312511014456/dex991.htm.

function. A search for "Minnesota Vikings Football Stadium, LLC" identifies StadCo, but does not state its members. Wells Fargo's investigation has also included a review of the website of the South Dakota Secretary of State, whose Entity Search function does not identify StadCo as a registered South Dakota business. Wells Fargo examined the website of the Minnesota Secretary of State. That examination identified Zygi Wilf as manager of StadCo, but it did not disclose any of the members of StadCo. Further investigation disclosed that Zygi Wilf is a resident of the State of New Jersey. Wells Fargo conducted a thorough search of all the various databases available on WestlawNext and that examination produced no evidence that StadCo or a member of StadCo is a citizen of the State of South Dakota. Wells Fargo also sought information from Dun & Bradstreet and Bloomberg and examined Security Exchange Commission filings and found no information that would indicate that StadCo is a resident of the State of South Dakota. On December 23, 2015, counsel for Wells Fargo asked StadCo's counsel for the identity and citizenship of StadCo's members. Counsel for StadCo was unable to provide that information at that time and Wells Fargo has not subsequently received any information from StadCo indicating that StadCo is a citizen of the State of South Dakota.

## REMOVAL BASED ON DIVERSITY

6.    This action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).

7.    Wells Fargo is a citizen of South Dakota. Upon investigation, information and belief conducted and acquired as stated above, StadCo is not a South Dakota citizen. Accordingly, there is complete diversity of citizenship among the parties.

8. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In this action, StadCo seeks injunctive and equitable relief in the form of an injunction temporarily and permanently prohibiting Wells Fargo from installing or maintaining certain roof-top signage on top of two seventeen-story towers. StadCo also seeks to rescind "any and all rights to place roof top signage, of any image, location, scale, size or utility on the Wells Fargo Towers." Further, StadCo seeks to recover attorneys' fees incurred in connection with this action. The value of the object of this litigation, including but not limited to the value of the signage, costs and expense that would be required to comply with any such injunction, and the attorneys' fees sought by StadCo, all exceed $75,000, exclusive of interest and costs.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

9. Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is being filed in the United States District Court for the District of Minnesota, which is the federal district court embracing the court where the State Court Action was commenced.

10. Pursuant to 28 U.S.C. 1446(b), this Notice of Removal is timely because it is filed within 30 days of when Wells Fargo first received the Summons and Complaint for StadCo's State Court Action.

11. Copies of all process, pleadings, and other documents received by Wells Fargo with respect to the State Court Action are attached to this Notice of Removal as Exhibits A and B.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal with its attachments will be promptly served on StadCo and notice thereof will be filed with the

Court Administrator for the Hennepin County District Court.  A true and correct copy of the Notice of Filing of Notice of Removal, without attachment, is attached hereto as **Exhibit C.**

13. This Notice of Removal is signed by counsel for Wells Fargo pursuant to Federal Rule of Civil Procedure 11.

14. Pursuant to the foregoing, this Court has jurisdiction over this matter.

15. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter, and Wells Fargo expressly reserves its right to raise all defenses and objections to StadCo's claims including, without limitation, the defenses of: (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensible parties; or (8) any other procedural or substantive defense available under state or federal law.  Wells Fargo also expressly denies that StadCo is entitled to any preliminary injunctive relief in this matter and will submit its opposition to any such motion in accordance with the procedures set forth in the Local Rules, if and when StadCo properly schedules and notices such a motion.

16. Wells Fargo requests the opportunity to submit any such additional argument or evidence in support of removal as may be necessary if StadCo seeks to remand this matter.

17. Accompanying this Notice of Removal are a Civil Cover Sheet and payment for the required filing fee.

## NOTICE TO STATE COURT AND PLAINTIFFS

18.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given the to State Court and all parties.

WHEREFORE, Wells Fargo respectfully requests that the above action now pending in the District Court of the State of Minnesota, Hennepin County, be removed from that Court to the United States District Court.


DATED: December 24, 2015                **LINDQUIST & VENNUM LLP**


By    s/ Christopher R. Grote
        Christopher R. Grote (#0267995)
        *cgrote@lindquist.com*
        Bryan R. Freeman (#0387154)
        *bfreeman@lindquist.com*
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION**